C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SEAN WILLIAMS,                                                  :
                                                                :   **MEMORANDUM**
                                            Petitioner,         :   **DECISION AND ORDER**
                                                                :
                 - against -                                    :   18-cv-4491 (BMC)
                                                                :
WILLIAM KEYSER, Superintendent,                                 :
                                                                :
                                                                :
                                            Respondent.         :
-------------------------------------------------------------- X

**COGAN**, District Judge.

This is petitioner's second time seeking habeas corpus relief under 28 U.S.C. § 2254 from his conviction on January 7, 2002, for second degree murder and second degree criminal weapons possession, the first having been denied in Williams v. Phillips, No. 05-cv-3557 (E.D.N.Y. Nov. 13, 2007), app. dismissed, No. 07-5557 (2d Cir. June 25, 2008) (the "2005 case"). Petitioner was resentenced in 2017 and respondent therefore does not contend that the instant petition is "second or successive" so as to preclude review in this Court under 28 U.S.C. § 2244(b)(1). See Magwood v. Patterson, 561 U.S. 320, 339 (2010); Johnson v. United States, 623 F.3d 41, 45 (2d Cir. 2010).

The facts relating to petitioner's trial are fully set forth in then-Magistrate Judge Kiyo Matsumoto's Report and Recommendation in the 2005 case, and will therefore not be repeated here at length, but to summarize, two witnesses testified that petitioner shot the victim at close range following a verbal dispute. A police officer had observed an individual running from the scene of the shooting wearing clothes that matched the two witnesses' descriptions of what the shooter was wearing, and the officer saw that individual place an object in a garbage can while

fleeing. That object was later retrieved and shown to be the murder weapon. Petitioner was subsequently apprehended.

Although this second habeas corpus petition is somewhat difficult to understand, it appears that petitioner is seeking to reprise two closely related points from his *coram nobis* motion, which the Appellate Division denied on May 4, 2016. People v. Williams, 139 A.D.3d 766, 767, 29 N.Y.S.3d 193 (2d Dep't 2016), leave to appeal denied, 28 N.Y.3d 1076, 69 N.E.3d 1031 (2016). Both points stem from the fact that at the conclusion of the evidence, the trial court dismissed the depraved indifference (second degree) murder count and submitted to the jury only the intentional murder (second degree) count, of which petitioner was then convicted. Petitioner argues that under the law in effect at the time of his trial in 2001 – People v. Register, 60 N.Y.2d 270, 469 N.Y.S.2d 599 (1983), overruled by People v. Feingold, 7 N.Y.3d 288, 819 N.Y.S.2d 691 (2006) – the trial court was required to submit both counts to the jury. From this, petitioner contends that his appellate counsel was constitutionally ineffective for failing to challenge the trial court's dismissal of the depraved indifference count on appeal. Relatedly, petitioner argues that his trial counsel was constitutionally ineffective for not challenging the sufficiency of the evidence of intentional murder, and that appellate counsel was constitutionally ineffective for not raising that omission on appeal.

The standard for ineffective assistance of trial counsel set forth in Strickland v. Washington, 466 U.S. 668 (1984), is also applicable to ineffective assistance of appellate counsel claims, see Smith v. Robbins, 528 U.S. 259, 285 (2000). To state a claim of ineffective assistance of appellate counsel, a petitioner must show (1) "that his counsel was objectively unreasonable in failing to find arguable issues to appeal" and (2) "a reasonable probability that, but for his counsel's unreasonable failure to" raise an issue on appeal "he would have prevailed

on his appeal." Id. (internal citations omitted). "To establish prejudice in the appellate context, a petitioner must demonstrate that there was a reasonable probability that his claim would have been successful before the state's highest court." Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994) (internal quotation marks and alternations omitted).

"In attempting to demonstrate that appellate counsel's failure to raise a state claim constitutes deficient performance, it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." Clark v. Stinson, 214 F.3d 315, 322 (2d Cir. 2000) (internal quotation marks and citations omitted). Because one of the main functions of appellate counsel is to "winnow[] out weaker arguments on appeal," Jones v. Barnes, 463 U.S. 745, 751 (1983), counsel is not required to present every nonfrivolous claim on behalf of a defendant appealing his or her conviction, see Smith, 528 U.S. at 288 ("[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.").

It did not take much winnowing for appellate counsel to exclude the issues that petitioner claims she should have raised because those issues have no merit. This is shown just by stating the issue: petitioner contends that instead of submitting only the intentional murder charge, the trial court should have submitted *both* the intentional murder charge and the depraved indifference murder charge – which would have given the jury the choice of two separate theories upon which to convict him instead of one. Petitioner misreads People v. Gallagher, 69 N.Y.2d 525, 516 N.Y.S.2d 174 (1987), as requiring this, but Gallagher simply held that *if* a trial court determines that the evidence could support either intentional or depraved indifference murder, the trial court must instruct the jury that it can only find one, not both – that is, it must

3

submit them in the alternative. Nothing in <u>Gallagher</u> requires the trial court to submit both theories if it concludes that the evidence only admits to intentional murder or acquittal, as the trial court determined here.

In other words, by dismissing the depraved indifference murder charge, the trial court gave the jury only one theory of murder instead of two. This presented petitioner with his best chance of acquittal. Neither his trial counsel nor his appellate counsel had anything about which to complain on that score.

Under any standard of review, the Appellate Division was correct in finding that petitioner received effective representation of appellate counsel. Petitioner's main point seems to be that the prosecution's case would have supported either intentional murder or depraved indifference murder. That's wrong. This was a nearly point-blank shooting with testimony that petitioner fired again once the victim was on the ground. If the jury found, as it did, that petitioner was the shooter, there was nothing "indifferent" about it.

Petitioner's claim that his trial counsel should have objected to the sufficiency of the evidence on the intentional murder count and that his appellate counsel was constitutionally ineffective in not raising that omission on direct appeal is similarly misguided. Petitioner can only support this theory by viewing the evidence in the light most favorable to him, which is the reverse of the applicable standard.

Under the proper standard that the trial court would have used, the evidence consisted of two witnesses' testimony that they saw petitioner engaged in a verbal dispute over a woman with the victim; that petitioner left the scene saying "I'll be back"; that petitioner returned to the scene, pulled a gun, shot the victim from three to five feet away; and that petitioner shot at the victim again when the victim fell to the ground. The witnesses testified that they ran after the

4

shooting and that petitioner, also running, passed one of them with a gun in his hand. An off-duty police officer who happened to be on the scene heard the shooting and saw a man running away with a gun and wearing clothing that matched the clothing description later provided by the two witnesses. The police officer saw the man drop the gun in a garbage can and go into a building; the officer tried to enter but was blocked by petitioner's friends. The officer then went to the garbage can and retrieved the gun, which ballistics confirmed was the murder weapon.

Petitioner's sole argument here is that he disputed this evidence. He noted that both witnesses were related to the victim and that there was no sign of gunpowder residue despite the short distance between him and the victim. He says that since there were several people standing around, maybe he was just randomly shooting into a group, thus making him guilty of deliberate indifference murder but not intentional murder. But those points just meant that there was an issue for the jury as to petitioner's intent; they did not transform the issue into whether petitioner was "indifferent" when he shot the victim.

In any event, I cannot find that the Appellate Division's denial of petitioner's *coram nobis* motion was contrary to or an unreasonable application of Strickland and its Supreme Court progeny. That is the test petitioner would have to meet under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254 ("AEDPA"). The Supreme Court has made clear that the AEDPA standard of review is extremely narrow and is intended only as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal . . . ." Ryan v. Gonzales, 568 U.S. 57, 75 (2013) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 88 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652,

5

664 (2004)).  Since Harrington, the Supreme Court has repeatedly admonished lower courts for not affording sufficient deference to state court determinations.  See, e.g., White v. Wheeler, 136 S. Ct. 456, 460 (2015) (quoting Burt v. Titlow, 571 U.S. 12, 19 (2013)) ("This Court, time and again, has instructed that AEDPA, by setting forth necessary predicates before state-court judgments may be set aside, 'erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court.'").

Petitioner's appellate counsel was well within her professional judgment in choosing not to raise the issues he claims she should have raised.

## CONCLUSION

The petition is denied and the case is dismissed. Because the petition raises no substantial constitutional question, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c).  An appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                        U.S.D.J.

Dated: Brooklyn, New York
        December 24, 2018